BIRCH, J.
We suppose the first instruction in this case to have been predicated, not upon the ground that the plaintiff had misconceived, but immaturely commenced his action. Even in that view, however, we deem it to have been too broad and unspecific ; whilst it was proper to inform the jury, in the hypothetical manner assumed in the instruction, that for work found to have been done under the agreement, a right of action had not accrued at the time of bringing the suit; the instruction should have gone farther, and have discriminated between such work and the extra services to which tire testimony had relation. Por such services, if anything remained due, the plaintiff was entitled to judgment, and the court should have so informed the jury. We have reference, of course, to the extra work performed upon the second building, for as to the first, which was blown down, unless the jury should be satisfied that there was, and remained, a subsequent specific agreement to pay for it, we perceive nothing in the facts of this case to distinguish it from precedent ones, in which the pleadings of conscience and the weight of authority alike concur to discharge the defendant.(a) Let the judgment, therefore, be reversed, and the cause remanded for further proceedings in conformity with this opinion.

(a) See note to Labeaume v. Hill et al., 1 Mo. R. 42 and note; also, Helm v. Wilson, 4 Mo. R. 42, and note.